IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOSHUA BLAIR, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b), <br><br> *Plaintiff*, <br><br> v. <br><br> DALLAS COUNTY ADJUSTERS, INC. AND KENNETH BARNES, <br><br> *Defendants*. | Civil Action No. 2:19-cv-139 |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Josh Blair ("Plaintiff"), individually and on behalf of all others similarly situated, files this Original Complaint against Dallas County Adjusters and Kenneth Barnes ("Defendants") and in support states the following:

### I.     INTRODUCTORY FACTS AND SUMMARY

1. Defendants have been involved in vehicle repossession services in various cities throughout Texas over the last three years. Defendants employ non-exempt employees to directly and indirectly provide Defendants' vehicle repossession services to Defendants' customers but fail to provide them proper wages as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

2. Defendants' Employees regularly work in excess of 40 hours per workweek. Defendants violated the FLSA by failing to count all hours worked and failing to pay an overtime premium for all overtime hours worked. Specifically, Defendants paid Plaintiff and other similarly-situated employees non-exempt pay and based on the quantity of work performed but failed to account for actual hours of work.

3. All hours worked by Plaintiff on tasks paid under Defendants' piece rate system were not counted in the total hours worked each workweek, including weekly hours worked in excess of 40 ("Overtime Hours"). Because Defendants did not accurately track and pay for all hours worked, including overtime hours, Defendants violated the FLSA by failing to pay Plaintiffs' minimum wages for all hours worked and overtime compensation for all hours worked in excess of 40 per workweek.

## II.   PARTIES

4. Plaintiff Josh Blair is an individual who has worked for Defendants throughout this District within the last three years. His consent to participate is attached to this Complaint as an Exhibit.

5. The "FLSA Class Members" consist of Defendants' current and former employees who have worked for Defendants in the United States within three years of this filing who were paid in whole or in part on a piece rate, per-job, or per-assignment basis.

6. Defendant Dallas County Adjusters, Inc. has a principal address of P.O. Box 852193 Mesquite, Texas 75185-2193 and may be served through its registered agent Sandy Scherer wherever she may be found.

7. Defendant Kenneth Barnes is the president of Dallas County Adjusters, Inc and may be served wherever he may be found.

## III.   JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

9. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District and because one or more parties resides in this District.

## IV. COVERAGE FACTS

10. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

11. At all relevant times, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all relevant times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

14. At all relevant times, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

15. Plaintiff incorporates all of the allegations previously made in this Complaint. Plaintiff brings his collective action allegations individually and on behalf of those similarly situated.

16. Defendants have been involved in vehicle repossession services in locations throughout Texas, including in Longview, Marshall and throughout this District and Division and do more than $500,000.00 per year in business.

17. Kenneth Barnes acted as the chief executive officer and financial executive, respectively, of a Dallas County Adjusters, Inc. Defendant Barnes and the Corporate Defendant share a mailing address and a registered office street address located at 11932 Crumpton Drive, Balch Springs, Texas 75180. Kenneth Barnes serves both in an ownership and managerial capacity at Dallas County Adjusters, Inc.

18. Defendants Dallas County Adjusters, Inc. and Kenneth Barnes have or have had the same managers/supervisors, business model, employees, equipment and facilities and provide or have provided the same services to the same clientele. Therefore, Defendants are liable for the acts challenged by this lawsuit.

19. Defendant Kenneth Barnes has exerted operational control over the Corporate Defendants' operations during the relevant time period, including among other things, making hiring and firing decisions, establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules.

20. Defendants each directly, indirectly or jointly employed repossession agents to directly and indirectly provide Defendants' casing and other services to Defendants' customers. For some types of work, Defendants paid repossession agents based on the quantity of work performed. This quantity of work/piece rate basis of pay included, but may not be limited to, payments made on a per service basis.

21. Plaintiff was employed by Defendants from approximately March 2016 to January 2018 and then again from March 2018 to January 2019. Plaintiff's primary duties consisted of driving to and from locations to pick up repossessed vehicles for Defendant and assisting Defendants' other similarly situated employees in doing the same. During his employment and the period covered by this lawsuit, Plaintiff routinely worked in excess of 40

hours per workweek but was not paid overtime for all hours worked or in compliance with the Fair Labor Standards Act.

22. Plaintiff and the Class Members are entitled to receive overtime pay for all hours worked in excess of 40 hours per workweek and for minimum hourly wages for all hours worked. Defendants knew of the FLSA's requirements but chose not to pay Plaintiff or the FLSA Class Members overtime in compliance with the law despite having this knowledge. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and the FLSA Class Members proper and lawful compensation.

### VI. COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff and the FLSA Class Members performed the same or similar job duties. Specifically, they all performed vehicle repossession service work. Plaintiff and the FLSA Class Members were also subjected to the same illegal pay provisions -- the miscalculation policies that respectively and broadly failed to pay Plaintiff and Defendants' other piece-rate-paid vehicle repossession Employees (1) minimum wages for all hours worked, and (2) one-and-one-half times their regular rates of pay for all overtime hours worked. Accordingly, the FLSA Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendants' failure to pay compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members.  Thus, Plaintiff's experience is typical of the experiences of the Class Members.  All Class Members, regardless of their precise job requirements or rates of pay, are entitled to minimum wage compensation for all hours worked and overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common

nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

### VII.   COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay and also by failing to pay Plaintiff and other similarly situated employees for all hours of work. Because Defendants have failed to pay Plaintiff and other similarly situated employees for all hours of work and failed to pay Plaintiff and other similarly situated employees at least one-and-one-half times their regular rates for all overtime hours, Defendants failed to comply with the FLSA's minimum wage and overtime requirements. Defendants have acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

### VIII.   RELIEF SOUGHT

26. Plaintiff prays for judgment against Defendants jointly and severally as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

   b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ J. Forester*
**Jay Forester**
Texas Bar No. 24087532
**Forester Haynie PLLC**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com

**Corinna Chandler**
Texas Bar No. 24061272
**Chandler Law, P.C.**
3419 Westminster #343G
Dallas, Texas 75205
972-342-8793
972-692-5220 (fax)
chandler@chandlerlawpc.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

*/s/ Jay Forester*
**JAY FORESTER**