IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOSHUA BLAIR, individually and on behalf of all others similarly situated under 29 USC 216(b),<br><br>*Plaintiff*,<br><br>v.<br><br>DALLAS COUNTY ADJUSTERS, INC. and KENNETH BARNES, individually,<br><br>*Defendants*. | Civil Action No. 2:19-cv-139 |

**PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE**

Plaintiff hereby files this Motion for Substituted Service (Plaintiff's "Motion") and shows as follows:

1. Plaintiff has attempted to personally serve Defendant Kenneth Barnes individually and Defendant Dallas County Adjusters, Inc., through its last known registered agent, Sandy Scherer, but has been unable to effectuate service. *See* **Exhibit A**, Process Server's Affidavit regarding Dallas County Adjusters; **Exhibit B, Exhibit C**, Process Server's Affidavits regarding Kenneth Barnes. Despite diligent efforts, Plaintiff has been unable to serve Defendants. Plaintiff therefore seeks an order from this Court authorizing an alternative method of service pursuant to state law. *See* Fed. R. Civ. P. 4(e)(1) (authorizing service of process on an individual pursuant to state law).

2. Texas law allows for service by any method that will be "reasonably effective" to give the defendant notice of the suit. Tex. R. Civ. P. 106(b)(2). Such substituted service must be supported by an affidavit describing unsuccessful attempts at service as well as a place where the defendant can probably be found. *Id.* at 106(b).

3.      Plaintiff has made several unsuccessful attempts to serve Defendants. The Court issued a Summons to Kenneth Barnes and Dallas County Adjusters, Inc. on April 29, 2019. *See* EFC No. 4, 4-1. Plaintiff forwarded each Summons and copies of the Original Petition to Caleb Malone on that same day to serve process, and Mr. Malone forwarded them to his associate Roger Bigony. *See* **Exhibit A**, **Exhibit B, Exhibit C**. Mr. Bigony attempted to serve Defendant Dallas County Adjusters, Inc.'s registered agent Sandy Scherer on May 7, 2019, but was told by the receptionist that Ms. Scherer is no longer with the company. *See* **Exhibit A.** Mr. Bigony attempted service on Defendant Kenneth Barnes at his primary place of business, 11932 Crumpton Dr, Balch Springs, TX 75180, on seven occasions between April 30, 2019 and May 15, 2019. *See* **Exhibit B**. Mr. Bigony also attempted service on Defendant Kenneth Barnes at a residence thought to be owned by him once on May 21, 2019 but was informed by a nearby resident that the Defendant owned the property but did not reside there. *See* **Exhibit C.** Given the numerous attempts made to serve Defendants and the process server's personal contact with Defendants' employees, it follows that Defendants are aware of the lawsuit filed against them.

4.      Plaintiff has learned that several opt-in Plaintiffs have been contacted by an employee of Defendants who offered them money to drop out of the lawsuit. *See* **Exhibit D,** Declaration of Ashley Sikes in Support of Plaintiff's Motion for Substituted Service; **Exhibit E,** Declaration of Jeff Radican in Support of Plaintiff's Motion for Substituted Service; **Exhibit F,** Declaration of Julius Sims in Support of Plaintiff's Motion for Substituted Service**.** Karen Bohlen, who works for Defendants as a Skip Tracer, contacted opt-in Plaintiffs Ashley Sikes, Jeff Radican, and Julius Sims. In her conversations with these Plaintiffs, Ms. Bohlen denied that Plaintiffs worked overtime hours and asked them how much money it would take for them to drop out of the lawsuit. Each Plaintiff declined her offer and directed her to speak with Plaintiff's counsel. Given that Ms.

Bohlen works for Defendants and that these conversations took place after several service attempts had been made, it follows that these offers were made either at Defendants' behest or on behalf of Defendants and, furthermore, that Defendants are aware of the lawsuit filed against them and are actively avoiding service of process.

5.  Plaintiff respectfully moves the Court to order that Plaintiff may serve process on Defendants by leaving a copy of Plaintiff's Original Complaint and Summonses for each Defendant with the receptionist of Defendants' primary place of business in Balch Springs, Texas. Because several Plaintiffs were contacted by employees of Defendants after service attempts have been made, Plaintiff believes that Defendants are avoiding service of process and instructing their employees to contact Plaintiffs to offer them money to drop out of the suit. *See* **Exhibits A-F.** Since Defendants have been in contact with their employees about the lawsuit, it appears that leaving such documents with the receptionist of Defendants' primary place of business would be reasonably effective in notifying Defendants of the suit. Therefore, Plaintiff asks that the Court allow Plaintiff through his process server to leave a copy of Plaintiff's Original Complaint and Summonses for each Defendant with the receptionist of Defendants' primary place of business in Balch Springs, Texas, as such would be reasonably effective in notifying Defendants of the suit.

WHEREFORE, Plaintiff requests that this Motion be GRANTED.

Respectfully submitted,

/s/ *J. Forester*

**Jay Forester**
Texas Bar No. 24087532
**Matthew Haynie**
Texas Bar No. 24087692
FORESTER HAYNIE, PLLC
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com
matthew@foresterhaynie.com

**Corinna Chandler**
Texas Bar No. 24061272
Chandler Law, P.C.
3419 Westminster #343G
Dallas, Texas 75205
972-342-8793
972-692-5220 (fax)
chandler@chandlerlawpc.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document will be served on Defendants with Plaintiff's Original Complaint and Summons.

/s/ Jay Forester
**JAY FORESTER**